IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DYNAMIC HOSTING COMPANY LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CANON U.S.A., INC.,<br><br>　　Defendant. | CIVIL ACTION NO. 2:14-cv-1071<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dynamic Hosting Company LLC ("Dynamic Hosting") files this original complaint against the above-named defendant, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Dynamic Hosting is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Tyler, Texas.

2. Defendant Canon U.S.A., Inc. ("Canon") is a corporation organized under the laws of New York with a principal place of business in Lake Success, NY.  It can be served through its resident agent for service of process in Texas: Corporation Service Company; 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

**JURISDICTION AND VENUE**

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendant has transacted business in this district and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## KNOWLEDGE

6. This lawsuit involves, as will be further described below, infringement of U.S. Patent Nos. 5,826,026 and 6,216,156.

7. Defendant has or will have knowledge of the patents-in-suit at least of the filing date and/or service date of this complaint.

8. Defendant's infringement is willful at least as of the filing date and/or service date of this complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,826,026

9. On Oct. 20, 1998, United States Patent No. 5,826,026 ("the 026 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Internet Message Communicator With Direct Output To A Hard Copy Device."

10. Dynamic Hosting is the owner of the 026 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 026 patent against infringers, and to collect damages for all relevant times.

11. Canon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that implemented Google Cloud Print (including, based on information on its or Google's website(s), at least the following models: PIXMA MX922, PIXMA MX892, PIXMA MX722, PIXMA MX522, PIXMA MG8220, PIXMA MG6320, PIXMA MG6220, PIXMA MG5420, PIXMA MG4220, PIXMA MG7120, PIXMA MG6420, PIXMA MG5520, PIXMA MG5522, PIXMA MG3520, Color imageCLASS MF8580Cdw, Color imageCLASS MF8280Cw, imageCLASS MF6180dw, imageCLASS MF6160dw) that directly infringed one or more claims of the 026 patent.

12. Canon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that are compatible with the feature Canon designates "Print from Email" (including, based on information on its website(s), at least the following models: iB4000 series, MB2000 series, MG5500 series, MG5600 series, MG6400 series, MG6600 series, MG7100 series, MG7500 series, MX720 series, MX920 series) that directly infringed one or more claims of the 026 patent.

13. Canon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that are compatible with the feature designated "Canon Inkjet Cloud Printing Center" (including, based on information on its website(s), at least the following models: MG7500 series, MG7100 series, MG6600 series, MG6400 series, MG5600 series, MG5500 series, MG2900 series, MX530 series, MB5300 series, MB5000 series, MB2300 series, MB2000 series, E460 series, iP110 series, iB4000 series) that directly infringed one or more claims of the 026 patent.

14. In addition, customers of Canon used Canon printers that feature Google Cloud Print, that are compatible with the feature Canon designates "Print from Email," or that are

compatible with the feature Canon designates "Canon Inkjet Cloud Printing Center" (including, based on information on its website(s), at least the following models: PIXMA MX922, PIXMA MX892, PIXMA MX722, PIXMA MX522, PIXMA MG8220, PIXMA MG6320, PIXMA MG6220, PIXMA MG5420, PIXMA MG4220, PIXMA MG7120, PIXMA MG6420, PIXMA MG5520, PIXMA MG5522, PIXMA MG3520, Color imageCLASS MF8580Cdw, Color imageCLASS MF8280Cw, imageCLASS MF6180dw, imageCLASS MF6160dw; iB4000 series, MB2000 series, MG5500 series, MG5600 series, MG6400 series, MG6600 series, MG7100 series, MG7500 series, MX720 series, MX920 series; and/or MG7500 series, MG7100 series, MG6600 series, MG6400 series, MG5600 series, MG5500 series, MG2900 series, MX530 series, MB5300 series, MB5000 series, MB2300 series, MB2000 series, E460 series, iP110 series, iB4000 series), thus directly infringing one or more claims of the 026 patent.

15. Canon induced the infringement of the abovementioned customers.

16. Canon took active steps, directly and/or through contractual relationships with others, to cause infringement with both knowledge of the 026 patent and the specific intent to cause the abovementioned customers to use printers in a manner that infringed the 026 patent. Such steps by Canon included, among other things, advising or directing the abovementioned customers to use printers in an infringing manner; advertising and promoting the use of printers in an infringing manner; and/or distributing instructions that guide users to use the printers in an infringing manner.

17. Canon contributed to the infringement of the abovementioned customers.

18. The infringing printers used by the abovementioned customers have hardware and/or software components that are especially designed to be used with Google Cloud Print, the feature Canon designates "Print from Email," or the feature Canon designates "Canon Inkjet

Cloud Printing Center," and are especially designed to be used in an infringing way.  These components in these printers constitute a material part of the invention of one or more asserted claims of the 026 patent and are not staple articles of commerce suitable for substantial non-infringing use. These distinct and separate components are used only to carry out the Google Cloud Print functionality, the feature Canon designates "Print from Email," or the feature Canon designates "Canon Inkjet Cloud Printing Center," in an infringing way and not any other printing functionality.

19.     Dynamic Hosting has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, defendant is liable to Dynamic Hosting in an amount that adequately compensates Dynamic Hosting for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20.     Dynamic Hosting and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,216,156**

21.     On April 10, 2001, United States Patent No. 6,216,156 ("the 156 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Internet Message Communicator With Direct Output To A Hard Copy Device."

22.     Dynamic Hosting is the owner of the 156 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 156 patent against infringers, and to collect damages for all relevant times.

23.     Canon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that implemented Google Cloud Print (including, based on

information on its or Google's website(s), at least the following models: PIXMA MX922, PIXMA MX892, PIXMA MX722, PIXMA MX522, PIXMA MG8220, PIXMA MG6320, PIXMA MG6220, PIXMA MG5420, PIXMA MG4220, PIXMA MG7120, PIXMA MG6420, PIXMA MG5520, PIXMA MG5522, PIXMA MG3520, Color imageCLASS MF8580Cdw, Color imageCLASS MF8280Cw, imageCLASS MF6180dw, imageCLASS MF6160dw) that directly infringed one or more claims of the 156 patent.

24. Canon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that are compatible with the feature Canon designates "Print from Email" (including, based on information on its website(s), at least the following models: iB4000 series, MB2000 series, MG5500 series, MG5600 series, MG6400 series, MG6600 series, MG7100 series, MG7500 series, MX720 series, MX920 series) that directly infringed one or more claims of the 156 patent.

25. Canon made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that are compatible with the feature designated "Canon Inkjet Cloud Printing Center" (including, based on information on its website(s), at least the following models: MG7500 series, MG7100 series, MG6600 series, MG6400 series, MG5600 series, MG5500 series, MG2900 series, MX530 series, MB5300 series, MB5000 series, MB2300 series, MB2000 series, E460 series, iP110 series, iB4000 series) that directly infringed one or more claims of the 156 patent.

26. In addition, customers of Canon used Canon printers that feature Google Cloud Print, that are compatible with the feature Canon designates "Print from Email," or that are compatible with the feature designated "Canon Inkjet Cloud Printing Center" (including, based on information on its website(s), at least the following models: PIXMA MX922, PIXMA

MX892, PIXMA MX722, PIXMA MX522, PIXMA MG8220, PIXMA MG6320, PIXMA MG6220, PIXMA MG5420, PIXMA MG4220, PIXMA MG7120, PIXMA MG6420, PIXMA MG5520, PIXMA MG5522, PIXMA MG3520, Color imageCLASS MF8580Cdw, Color imageCLASS MF8280Cw, imageCLASS MF6180dw, imageCLASS MF6160dw; iB4000 series, MB2000 series, MG5500 series, MG5600 series, MG6400 series, MG6600 series, MG7100 series, MG7500 series, MX720 series, MX920 series; and/or MG7500 series, MG7100 series, MG6600 series, MG6400 series, MG5600 series, MG5500 series, MG2900 series, MX530 series, MB5300 series, MB5000 series, MB2300 series, MB2000 series, E460 series, iP110 series, iB4000 series), thus directly infringing one or more claims of the 156 patent.

27.  Canon induced the infringement of the abovementioned customers.

28.  Canon took active steps, directly and/or through contractual relationships with others, to cause infringement with both knowledge of the 156 patent and the specific intent to cause the abovementioned customers to use printers in a manner that infringed the 156 patent. Such steps by Canon included, among other things, advising or directing the abovementioned customers to use printers in an infringing manner; advertising and promoting the use of printers in an infringing manner; and/or distributing instructions that guide users to use the printers in an infringing manner.

29.  Canon contributed to the infringement of the abovementioned customers.

30.  The infringing printers used by the abovementioned customers have hardware and/or software components that are especially designed to be used with Google Cloud Print, the feature Canon designates "Print from Email," or the feature Canon designates "Canon Inkjet Cloud Printing Center," and are especially designed to be used in an infringing way. These components in these printers constitute a material part of the invention of one or more asserted

claims of the 156 patent and are not staple articles of commerce suitable for substantial non-infringing use. These distinct and separate components are used only to carry out the Google Cloud Print functionality, the feature Canon designates "Print from Email," or the feature Canon designates "Canon Inkjet Cloud Printing Center" in an infringing way and not any other printing functionality.

31.     Dynamic Hosting has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, defendant is liable to Dynamic Hosting in an amount that adequately compensates Dynamic Hosting for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32.     Dynamic Hosting and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Dynamic Hosting hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Dynamic Hosting requests that the Court find in its favor and against defendant and that the Court grant Dynamic Hosting the following relief:

a.     Judgment that one or more claims of the 026 and 156 patents have been infringed, either literally and/or under the doctrine of equivalents, by defendant;

b.     Judgment that defendant account for and pay to Dynamic Hosting all damages to and costs incurred by Dynamic Hosting because of defendant's infringing activities and other conduct complained of herein;

     c.     That defendant's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

     d.     A permanent injunction enjoining defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 026 and 156 patents;

     e.     Pre-judgment and post-judgment interest on the damages caused by defendant's infringing activities and other conduct complained of herein;

     f.     A declaration by the Court that this an exceptional case and an award to Dynamic Hosting its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

     g.     Other and further relief as the Court may deem just and proper under the circumstances.

Dated: _November 24, 2014          Respectfully submitted,

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702

(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Dynamic Hosting Company LLC*